UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXIS PEREZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:25-cv-1169 (SRU) |
| : | |
| NICOLAUS J. KUEHN, et al., : | |
|     Defendants. : | |

**INITIAL REVIEW ORDER**

The plaintiff, Alexis Perez, is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC").[1] He commenced this action *pro se* under 42 U.S.C. § 1983 against four individuals who allegedly work, or worked, at the MacDougall-Walker Correctional Institution ("MacDougall"): Dr. Nicolaus Kuehn, Nurse Practitioner ("NP") Akina Richards, Regional Chief Operating Officer ("RCOO") Jennifer Cruz, and Nurse Jane Doe (collectively, "defendants"). Compl., Doc. No. 1. He seeks damages against the defendants in their individual capacities for deliberate medical indifference in violation of the Eighth Amendment to the United States Constitution and for medical malpractice under state law. *Id.*

After initial review of the complaint, I will permit Perez to proceed on his Eighth Amendment deliberate indifference and state law recklessness claims against only Nurse Doe.

**I.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief

---

[1] I may "take judicial notice of relevant matters of public record." *Sanchez v. RN Debbie*, 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)). The publicly-available DOC website shows that Perez was sentenced to an incarceration term of seven years on January 31, 2022, and is now housed at MacDougall-Walker Correctional Institution.

1

may be granted, or that seeks monetary relief from a defendant who is immune from the requested relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims, include the grounds upon which the claims are based, and demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.     ALLEGATIONS

Perez alleges the following factual allegations, which I consider to be true for purposes of this initial review.

Perez broke his right hand while housed at MacDougall on April 1, 2023. Compl., Doc. No. 1, at ¶ 8. That same day, he advised Nurse Jane Doe that his hand was broken and hurting. *Id.* at ¶ 9. Nurse Doe observed Perez's severely swollen right hand but denied him treatment of any kind. *Id.* at ¶¶ 9-10.

During the next two months, Perez wrote inmate requests and letters to RCOO Cruz, NP Richards, and Dr. Kuehn begging for treatment for his broken hand and related pain. *Id.* at ¶ 11. The only response that Perez received informed him that he would be placed on the "Sick Call" list. *Id.* at ¶ 12. His other letters and requests were ignored. *Id.*

2

Despite his severe and constant pain, Perez did not receive treatment until June 14, 2023, when he was provided with an X-ray for his right hand. *Id.* at ¶ 12. Dr. Kuehn reviewed the X-ray and reported that Perez's right hand did not show an acute fracture or dislocation. *Id.* at ¶ 14, p. 7 (Radiology Report). Perez claims Dr. Kuehn "manipulated his medical report to hide the fact that Plaintiff[']s right hand was broken." *Id.* at ¶ 15.

Despite informing the defendants of his broken bones and his constant pain, *id.* at ¶ 17, Perez alleges that the defendants refused to provide Perez with any treatment following the June 14, 2023 X-ray. *Id.* at ¶ 16.

On May 9, 2025, a different doctor interpreted an X-ray of Perez's right hand taken on May 8, 2025 and discerned "a fracture of the mid shaft of the fifth metacarpal" that had "healed in mild deformity." *Id.* at ¶ 19, p. 9 (Imaging Report).

To date, the defendants have not provided proper treatment for Perez's injury in his right hand. *Id.* at ¶ 20.

### III.    DISCUSSION

Perez asserts Eighth Amendment deliberate indifference and state law medical malpractice claims against all the defendants.

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must

3

have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). But "not every lapse in medical care is a constitutional wrong" and "'a prison official violates the Eighth Amendment only when two requirements are met.'" *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). A plaintiff pursuing an Eighth Amendment claim for deliberate indifference to medical needs must demonstrate both an objective and subjective element. *Spavone*, 719 F.3d at 138.

#### 1. Objective Element

Objectively, the plaintiff must allege that the "deprivation of adequate medical care" is "sufficiently serious." *Farmer,* 511 U.S. at 834. A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, could "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would

4

find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Here, Perez alleges that his fractured hand became swollen and caused him severe and constant pain. The second X-ray taken of his hand showed that he suffered a fracture that had healed improperly. I conclude that Perez's allegations are sufficient to state a plausible claim that Perez suffered from a serious medical condition. *See Williams v. Paxton*, 2021 WL 5889271, at *3 (D. Conn. Dec. 13, 2021) (broken hand that became swollen and painful satisfied the objective element of Eighth Amendment analysis); *see also Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (Eighth Amendment does not "require an inmate to demonstrate that he or she experiences pain that is at the limit of human ability to bear," or "a showing that his or her condition will degenerate into a life-threatening one").

I next consider whether Perez has alleged sufficient facts on the subjective element prong against each defendant.

**2. Subjective Element**

Subjectively, a defendant must have "kn[own] of and disregarded the plaintiff's serious medical needs." *Chance*, 143 F.3d at 703. The culpability required for a deliberate indifference claim exceeds mere negligence. *See Farmer*, 511 U.S. at 835-40. Indeed, the defendant must act with "culpable recklessness, *i.e.*, an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Chance*, 143 F.3d at 703 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (cleaned up). "Officials need only be aware of the risk of harm, not intend harm." *Spavone*, 719 F.3d at 138. It is not

enough to allege deliberate indifference in the medical context unless the malpractice involves culpable recklessness—actions that evince a conscious disregard of a substantial risk of serious harm. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Chance*, 143 F.3d at 703.

    a.    <u>RCOO Cruz and NP Richards</u>

As an initial matter, I observe that Perez has not alleged any facts in his complaint to suggest that either RCOO Cruz or NP Richards acted with deliberate indifference to his medical needs in violation of the Eighth Amendment.

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"). That principle is applicable to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (A plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under section 1983.).

Perez alleges that he sent letters or inmate requests to RCOO Cruz, NP Richards and Dr. Kuehn about his treatment needs for his broken hand and pain. But no alleged facts support an inference that either Cruz or Richards issued responses to his written communications with deliberate indifference to his serious medical needs. It is well established that mere receipt of a communication, without more, is insufficient to establish the official's personal involvement in a section 1983 constitutional claim. *See Adams v. Annucci*, 2023 WL 2664301, at *11

(S.D.N.Y. Mar. 28, 2023) (stating receipt of an inmate's letter, by itself, is not personal involvement); *see also McCrary v. Marks*, 836 F. App'x 73, 74 (2d Cir. 2021) (affirming summary judgment in favor of supervisor in First Amendment claim because "the most he has alleged is that [the supervisor] received his letter and directed someone at the TVPA to respond to it.  This is clearly not enough to state a claim against [the supervisor].").

Absent any factual allegations to reflect that either Cruz or Richards had any personal involvement in the asserted medical deliberate indifference to Perez's treatment needs for his broken hand and pain, I cannot conclude that Perez has stated a plausible damages claim under 42 U.S.C. § 1983 against either Cruz or Richards.  *See Oh v. Quiros*, 2024 WL 896605, at *3 (D. Conn. Mar. 1, 2024) (dismissing claims under section 1983 against Nurse Supervisor absent allegations about her own conduct); *Smith v. Perez*, 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing all claims against defendants where complaint established no connection between defendants and alleged constitutional violations).

Therefore, I dismiss Perez's claims for damages against Cruz and Richards as not plausible.  *See* 28 U.S.C. § 1915A(b)(1).  Perez has not alleged sufficient facts to support that Cruz or Richards were personally involved in the manner required for a successful Eighth Amendment deliberate indifference claim.

b. Nurse Jane Doe

Perez alleges that Nurse Doe failed to provide him with responsive treatment after he alerted Nurse Doe to his pain and swollen hand on April 1, 2023, the day that he fractured his hand.  He asserts that Nurse Doe observed severe swelling in his hand but did not provide him with any treatment, which suggests that Nurse Doe was aware of, but ignored, Perez's serious

7

injury.  *See Spavone*, 719 F.3d at 138 ("awareness may be proven 'from the very fact that the risk was obvious.'") (quoting *Farmer,* 511 U.S. at 842).  Therefore, I conclude that Perez plausibly alleges that Nurse Doe acted with deliberate indifference to his medical needs—both for his hand fracture and any related pain.

Accordingly, Perez may proceed on an Eighth Amendment medical deliberate indifference claim against Nurse Doe in her individual capacity.

    c. Dr. Kuehn

Perez complains that Dr. Kuehn violated the Eighth Amendment when he interpreted Perez's X-ray to show no acute fracture or dislocation.

Perez asserts that Dr. Kuehn "deliberately disregarded the truth of the X-ray and [] falsely indicated that there was no acute fracture or dislocation of Plaintiff's right hand[;]" that "Dr. Kuehn manipulated his medical report to hide the fact that Plaintiff[']s right hand was broken[;]" and that "Defendants knew of [his] broken bones and of his constant pain and suffering, but deliberately denied [him] any treatment or care for his broken bones."  Compl., Doc. No. 1, at ¶¶ 14-17.  Perez's conclusory allegations do not support an Eighth Amendment claim that Dr. Kuehn acted with deliberate indifference to his treatment needs for the fracture in his hand or his severe and constant pain.  *See*, *e.g.*, *Arpin v. Semple*, 2025 WL 1358547, at *6 (D. Conn. May 9, 2025) (dismissing as Eighth Amendment medical indifference claims as not plausible where plaintiff alleged "no non-conclusory facts" to "support an inference that any defendant was aware of, but nonetheless ignored, [his] serious need for a hernia operation."); *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (internal citation omitted) (noting conclusory allegations or legal conclusions are insufficient to state a claim).

Perez disagrees with Dr. Kuehn's medical judgment, but he alleges no facts to support an inference that Dr. Kuehn consciously provided ineffective medical treatment or was motivated to do so for any improper reason.  I do not discern any non-conclusory allegations to suggest that Dr. Kuehn acted with the culpability needed for a deliberate indifference claim, which requires more than a showing of negligence.  *See Salahuddin,* 467 F.3d at 280-81 ("This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."); *Morales-Rojas v. Ruiz*, 2019 WL 1025245, at *5 (D. Conn. Mar. 4, 2019) (explaining that a "defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions and have disregarded that risk.").  Therefore, I conclude Perez's complaint raises at most a claim of negligence or medical malpractice, which is insufficient to support a claim of deliberate indifference.  *See id.* at *5-*6.

Accordingly, I dismiss Perez's Eighth Amendment claim against Dr. Kuehn as not plausible under 28 U.S.C. § 1915A(b)(1).

### B. State Law Medical Malpractice

A district court can exercise supplemental jurisdiction over a state law claim if: (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal and state claims permits the conclusion that the entire action comprises one constitutional case; (3) the Court has subject matter jurisdiction over the federal claim; and (4) the state and federal claims derive from a common nucleus of operative fact.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Because Perez's state law medical malpractice claim arises from the same facts as his

Eighth Amendment claim, I will consider whether he has alleged any plausible state law claims for medical malpractice against Nurse Doe, who is the only defendant against whom Perez is proceeding on an Eighth Amendment claim in this action.[2]

Medical malpractice "is a type of negligence claim." *Acevedo v. Ruiz*, 2018 WL 6181350, at *2 (D. Conn. Nov. 27, 2018). Perez may not proceed on a medical malpractice claim based on the theory that Nurse Doe acted negligently when she declined to provide treatment for his fracture and any associated pain. As a state employee, Nurse is protected from suits for negligence under Connecticut General Statutes § 4-165 ("No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment.").

Because I conclude that Perez alleges—for initial pleading purposes—a plausible Eighth Amendment deliberate indifference claim against Nurse Doe that necessarily requires a showing of at least reckless conduct, I will permit Perez to proceed on a similar state law claim of recklessness against Nurse Doe to facilitate the development of the record. Conn. Gen. Stat. § 4-165(a); *see McGraw v. Doe*, 2023 WL 5894727, at *4 (D. Conn. Sept. 11, 2023); *see also Miller v. Egan*, 265 Conn. 301, 318-19 (2003) (immunity does not apply to "reckless" conduct).[3]

---

[2] A district court has discretion either to retain or decline supplemental jurisdiction over a state law claim asserted against a defendant who has no federal claims pending against it. *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (noting that the court can exercise supplemental jurisdiction over a state law claim even if "asserted against a party different from the one named in the federal claim" but "[t]he fact that the district court has the power to hear these supplemental claims does not mean, of course, that it must do so."). A court may decline to exercise supplemental jurisdiction based on the factors laid out in 28 U.S.C. § 1367(c). *See also Kaplan v. Cnty. of Orange*, 528 F. Supp. 3d 141, 160–61 & n. 6 (S.D.N.Y. 2021) (declining to exercise jurisdiction over state law claims against certain defendants against whom no federal claims remained pending; discussing the court's discretion to do so; and citing cases).

[3] Any determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of a defendant to seek dismissal by way of a motion to dismiss or motion for summary judgment.

**ORDERS**

Consistent with the foregoing discussion, I permit Perez to proceed on claims of Eighth Amendment medical deliberate indifference and state law recklessness against Nurse Jane Doe in her individual capacity for damages.

All other claims against Dr. Kuehn, NP Richards and RCOO Cruz are **DISMISSED** without prejudice.  The clerk is instructed to terminate Dr. Kuehn, NP Richards and RCOO Cruz as defendants in this action.

Because the court cannot serve Nurse Doe without her name, Perez must identify Nurse Doe on or before January 26, 2026, if he wishes to proceed on his claims against her in this action.

In addition, I afford Perez one opportunity to file an amended complaint on or before January 26, 2026, if he believes in good faith that he can correct the deficiencies of his claims as identified in this Initial Review Order.  Perez is advised that any amended complaint will completely replace his prior complaint in this action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

If Perez fails to identify Nurse Doe and fails to file an amended complaint by January 26, 2026, the Court will dismiss this action.

It is so ordered.

Dated at Bridgeport, Connecticut this 10th day of December 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge